OPINION
Appellant Diann Hann is the mother of two minor children, David Hann (DOB 8/24/84) and John Hann (DOB 10/25/90). Appellee Brent Hann is the father of the two children. In accordance with the Separation Agreement incorporated into a Decree of Dissolution, which dissolved the marriage of the parties, appellant was designated residential parent and legal custodian of the minor children.
On November 12, 1997, appellee filed a Motion for Change of Custody of the children. Following a hearing in the Morgan County Common Pleas Court, the court granted the Motion for Change of Custody.
Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT'S DECISION TO MODIFY THE COURT'S PREVIOUS CUSTODY SO AS TO DESIGNATE APPELLEE AS THE RESIDENTIAL PARENT AND LEGAL CUSTODIAN OF THE MINOR CHILDREN OF THE PARTIES, DAVID ALAN HANN AND JOHN MICHAEL HANN, FINDING THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT WAS OUTWEIGHED BY THE ADVANTAGES OF A CHANGE OF ENVIRONMENT, IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE, IS AN ABUSE OF DISCRETION, AND IS CONTRARY TO LAW.
Appellant argues that the judgment changing custody of the children to appellee was against the manifest weight of the evidence. Where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. Myers v. Garson (1993), 66 Ohio St.3d 610, 614.
R.C. 3109.04(E)(1)(a) states that a decree allocating parental rights shall not be modified unless the trial court concludes from the evidence that a change has occurred in the circumstances of the child or his residential parent, and that the modification is necessary to serve the best interest of the child.
There was evidence before the court that since the prior custody order, appellant had taken up residence with her boyfriend in Stockport, Ohio. After that time, the oldest child was adjudicated delinquent after he admitted to breaking into and vandalizing an elementary school. As a result of the adjudication of delinquency, the child was sentenced to an indefinite term with the Department of Youth Services, with sentence suspended, and placed on probation. Prior to the adjudication of delinquency, the child had been in trouble with the Juvenile Court and with the school on several occasions. In addition, due to his suspension from school, he would in all likelihood fail seventh grade for the second time. There was also evidence that appellee had remarried, was employed full time, and resided in a four-bedroom house located on seven acres. There was evidence that appellant and her boyfriend go out drinking several evenings each week, leaving the children unattended. There was evidence that appellant did not adequately discipline and control the two children, and appellee would be in a better position to provide the children with stability and discipline.
Appellant argues that the court ignored evidence concerning problems in appellee's home. However, the trial court is in a better position to judge the credibility of the witnesses than this court.
The court did not abuse its discretion in changing custody of the children to appellee.
The judgment of the Morgan County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Gwin, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morgan County Common Pleas Court is affirmed. Costs to appellant.